**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP MILTON, WILLIAM CENTER, GREGORY CENTER, and TRADE, LLC.<br><br>Defendants,<br><br>BD, LLC, CMJ Capital, LLC, Center Richmond, LLC, and TWTT, LLC.<br><br>Relief Defendants. | ) | CIVIL ACTION NO.: 9:10-CV-80738-KAM<br><br>CONSENT ORDER OF PRELIMINARY INJUNCTION AND FOR OTHER EQUITABLE RELIEF AGAINST GREGORY CENTER |

# CONSENT ORDER OF PRELIMINARY INJUNCTION AND FOR OTHER EQUITABLE RELIEF AGAINST GREGORY CENTER

Plaintiff U.S. Commodity Futures Trading Commission ("Commission") has filed a Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief and moved for a preliminary injunction against Defendants Philip Milton, William Center, Gregory Center ("G. Center" or "Defendant"), and Trade, LLC, and against Relief Defendants BD, LLC, CMJ Capital, LLC, Center Richmond, LLC, and TWTT, LLC. Plaintiff and Defendant G. Center have consented to the entry of this Consent Order of Preliminary Injunction and for Other Equitable Relief Against William Center, without an adjudication of the merits of any issue of fact or law, without waiving any privilege under the Fifth Amendment to the United States Constitution, and without admitting or denying the allegations of the Complaint filed in this action except as to venue and the Court's personal jurisdiction over Defendant, which venue and personal jurisdiction Defendant admits. The Court having considered all pleadings, memoranda,

declarations, and other exhibits filed with the Court, and now being fully advised in the premises, finds:

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Commodity Exchange Act ("Act"), as amended, 7 U.S.C. § 13a-1 (2006).

2. Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3. There is good cause to believe that Defendant engaged, is engaging in, or is about to engage in acts and practices constituting violations of the Act, 7 U.S.C. § 1, *et seq.*, and Commission Regulations (Regulations), 17 C.F.R. § 1.1 *et seq.* (2009).

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for investors in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendant of assets or records unless Defendant is immediately restrained and enjoined by order of the Court.

5. Good cause exists for freezing Defendant's assets and for entry of an order prohibiting Defendant from destroying records and denying agents of the Commission access to inspect and copy records.

6. Good cause exists to require an accounting to determine location and disposition of customer funds.

7. Good cause exists to order repatriation of assets controlled by Defendant to assure payment of restitution and disgorgement as authorized and for the benefit of customers.

8. Good cause exists to permit expedited discovery before the early meeting of counsel pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, in order to ascertain the

existence and location of assets, clarify the source of funds, and identify all pool participants and other investors.

9. Weighing the equities and considering the Commission's likelihood of success in its claims for relief, the issuance of a preliminary injunction is in the public interest.

**DEFINITIONS**

For the purposes of this order, the following definitions apply:

10. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, drives, networks, servers, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

11. "Assets" mean any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

12. "Defendant" shall mean and refer not only to G. Center, but also to any d/b/a, successor, or other entity controlled by G. Center.

## RELIEF GRANTED

## I.

## PROHIBITION FROM VIOLATIONS OF THE ACT

**IT IS HEREBY ORDERED** that:

13. The Defendant is restrained and enjoined from violating the anti-fraud provisions of Sections 4b(a)(2) and 4o(1) of the Act by directly or indirectly employing a device, scheme, or artifice to defraud commodity pool participants or engaging in transactions, practices or a course of business which operated as a fraud or deceit upon commodity pool participants.

## II.

## ORDER AGAINST TRANSFER, DISSIPATION, AND DISPOSAL OF ASSETS

**IT IS FURTHER ORDERED** that:

14. Defendant and his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including assets held outside the United States, except as provided in Section IV of this order, or as otherwise ordered by the Court. The assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this order.

15. Defendant is restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of or subject to access by him.

## III.

## DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further order of this Court, that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset of Defendant, or has held, controlled, or maintained custody of any account or asset of Defendant at any time since May 2, 2007, shall:

16. Prohibit Defendant and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court;

17. Deny Defendant and all other persons identified in this order, access to any safe deposit box that is: (a) titled in the name of Defendant either individually or jointly; or (b) otherwise subject to access by Defendant;

18. Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of Defendant, or held on behalf of, or for the benefit of Defendant; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of Defendant or is otherwise subject to access by Defendant; and

19. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards,

checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service 1099 forms, and safe deposit box logs.

IV.

**ACCOUNTING AND TRANSFER OF FUNDS AND DOCUMENTS**

**IT IS FURTHER ORDERED** that within ten (10) business days following the service of this order, Defendant shall:

20. Provide the Commission with a full accounting of all funds, assets, and documents inside and outside of the United States that are held by Defendant, for his benefit, or under his direct or indirect control, whether jointly or singly;

21. Transfer to the territory of the United States all funds, documents, and assets located outside of the United States that are held by Defendant, or under his direct or indirect control, whether jointly or singly; and

22. Provide the Commission access to all records of Defendant held by financial institutions located outside the territorial United States.

V.

**TEMPORARY RECEIVER**

**IT IS FURTHER ORDERED** that:

23. Jeffrey C. Schneider of Levine Kellogg Lehman Schneider & Grossman LLP is appointed temporary Receiver for the Defendant's assets and the assets of any affiliates or subsidiaries of Defendant's, with the full powers of an equity receiver. The Receiver shall be the agent of this Court in acting as Receiver under this Order;

24. The Receiver is directed and authorized to accomplish the following:

A. Assume full control of the Defendant and any business entities owned by Defendant, including but not limited to by removing any officer, independent contractor, employee, or agent of Defendant, from control and management of the affairs of Defendant and any business entities owned by Defendant;

B. Take exclusive custody, control, and possession of all the funds, property, mail and other assets of, in the possession of, or under the control of the Defendant. The Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information, and other papers and documents of the Defendant's, including documents related to customers or clients whose interest are now held by or under the direction, possession, custody or control of the Defendant;

C. Take all steps necessary to secure the residential and business premises of the Defendant;

D. Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to customers or clients;

E. Prevent the withdrawal or misapplication of funds entrusted to the Defendant, and otherwise protect the interests of customers, clients, pool participants or investors;

F. Manage and administer the assets of the Defendant by performing all acts incidental thereto that the Receiver deems appropriate, including hiring or dismissing any and all personnel or suspending operations;

G. Collect all money owed to the Defendant;

H. Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of the Defendant or to carry out his or her duties pursuant to this Order;

I. Choose, engage and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

J. Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

K. Open one or more bank accounts as designated depositories for funds of the Defendant's. The Receiver shall deposit all funds of the Defendant's in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts; and

L. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the

Defendant prior to the date of entry of this Order, except for payments that the Receiver deems necessary or advisable to secure assets of the Defendant.

25. Immediately upon service of this Order upon him, the Defendant and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver:

A. Possession and custody of all funds, property, and other assets, owned beneficially or otherwise, wherever situated, of the Defendant;

B. Possession and custody of documents of the Defendant, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

C. Possession and custody of all precious metals, other commodities, funds, and other assets being held by or on behalf of the Defendant or on behalf of the Defendant's customers, clients, pool participants or investors;

D. All keys, computer passwords, entry codes, and combinations to locks necessary to gain or to secure access to any of the assets or documents of the Defendant, including but not limited to, access to the Defendant's residential and business premises, means of communication, accounts, computer systems, or other property; and

E. Information identifying the accounts, employees, properties or other assets or obligations of the Defendant.

26. The Defendant and all other persons or entities served with a copy of this order shall cooperate fully with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to the Defendant that all debts should be paid directly to the Receiver.

27. Except by leave of the Court, during the pendency of the receivership ordered herein, the Defendant and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Defendant, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

A. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Defendant or any property claimed by the Defendant, or attempting to foreclose, forfeit, alter or terminate any of the Defendant's interests in property, whether such acts are part of a judicial proceeding or otherwise;

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or

interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Defendant, or the Receiver, or any agent of the Receiver; and

D. Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the property and assets of the Defendant.

This paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

28. Within 60 days of the date of this Order, the Receiver shall file with this Court and serve Plaintiff Commission a report outlining the steps taken to identify customers, marshal assets, determine the amount invested by each customer, and the portion of assets available to pay back customers. This report shall also include a statement as to the estimated time it will take to distribute available assets to customers and wind up the receivership.

29. The Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by the Defendant. The Receiver shall file with the Court and serve on the parties, including Plaintiff Commission, periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. Plaintiff Commission may object to any part of a request within 30 calendar days of service of a request. The Receiver

shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

VI.

**MAINTENANCE OF BUSINESS RECORDS**

**IT IS FURTHER ORDERED** that:

30. Defendant and his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with him, and all other persons or entities who receive notice of this order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendant.

VII.

**INSPECTION AND COPYING OF BOOKS AND RECORDS**

**IT IS FURTHER ORDERED** that:

31. Representatives of the Commission be immediately allowed to inspect the books, records, and other documents of Defendant and his agents, including, but not limited to, electronically stored data, hard drives, networks, servers, compact discs, tape recordings, and computer discs, wherever they may be situated and whether they are in the person of Defendant or others, and to copy said documents, data and records, either on or off the premises; and

32. Defendant and his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendant who receive actual notice of this order by personal service or otherwise, including facsimile transmission or e-mail, shall cooperate fully with the Commission to locate and provide to representatives of the Commission all books and records of Defendant's, wherever such books and records may be situated.

VIII.

**FORCE AND EFFECT**

**IT IS FURTHER ORDERED** that:

33. This order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes.

Consented and Agreed To:

Jane Degenhardt
Christopher Bruno
Jane Degenhardt
Attorneys for William Center, Gregory Center, & Center Richmond, LLC.
Bruno & Degenhardt, P.C.
10615 Judicial Dr., Suite 703
Fairfax, VA 22030
(703) 352-8960
c.bruno6@verizon.net

Jason Mahoney
Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5289
jmahoney@cftc.gov

**IT SO ORDERED**, at WEST PALM BEACH, Florida on this 15th day of JULY, 2010.

UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA